IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH R. KNIGHT,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES POSTAL SERVICE,<br>an agency, JOHN E. POTTER,<br>Postmaster General, and FRED<br>PARKER, an individual,<br><br>    Defendants. | )<br>)<br>) Civ. No. 06-1318-TC<br>)<br>)<br>)<br>) FINDINGS AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Coffin, Magistrate Judge:

Before the court is defendants United States Postal Service's (USPS) and John E. Potter's motion to dismiss (#11). For the reasons that follow, the motion should be granted.

BACKGROUND

Plaintiff is employed as a mail-handler at a United States post office in Salem, Oregon. He alleges that he has been subjected to abuse by a co-worker and to harassment by his supervisor, Fred Parker, causing physical and emotional injury, and damages in the form of medical expenses and lost wages. Complaint at 5-7. He brings a number of claims against all or some of the three defendants in this action, the USPS, Postmaster General Potter, and Parker: (1) a "hostile work environment"

1 Findings and Recommendation

claim against USPS and Potter, for which no statutory basis is provided; (2) assault, against Parker only; (3) battery, against Parker only; (4) intentional infliction of emotional distress, against USPS and Potter; and, (5) intentional infliction of emotional distress, against Parker.

Defendants USPS and Potter move to dismiss only plaintiff's hostile work environment and intentional infliction of emotional distress claims. Fed. R. Civ. Proc. 12(b)(1), which requires dismissal of a claim for lack of subject matter jurisdiction, resolves this motion in defendants' favor.

## ANALYSIS

### Hostile Work Environment

Plaintiff asserts that his employer's failure to remediate the alleged mistreatment that he suffered at the hands of a co-worker resulted in a "hostile, offensive, and intimidating work environment." Plaintiff has not alleged any statutory basis for the claim in federal law. The court notes that plaintiff asserted jurisdiction in this court by citing (among other statutes) 28 U.S.C. § 1331, which confers jurisdiction to federal courts for cases arising under federal law. If the court is to assume that this claim is alleged to arise under federal law, then the most appropriate statute that would authorize plaintiff's claim is 42 U.S.C. § 2000e-16, which provides the exclusive remedy for discrimination in federal employment. Brown v. General Services Admin., 425 U.S. 820, 829-36 (1976).

As defendants correctly explain, exhaustion of administrative remedies is required before calling upon a federal

2 Findings and Recommendation

court to hear a civil claim under the statute. 42 U.S.C. § 2000e-16(c).[1] The relevant regulations require the plaintiff to contact an EEOC counselor, file a formal complaint, and await a final decision by the agency on the complaint. 29 C.F.R. §§ 1614.105-1614.106; 42 U.S.C. § 2000e-16(c).

Plaintiff has not alleged compliance with those requirements. Moving defendants have filed a declaration of the Equal Employment Opportunity Specialist for USPS, who declares that her search has revealed no record of any EEO complaint filed by plaintiff. Perry Declaration at 2. Plaintiff has not filed a response to the motion and does not allege that any exception to the exhaustion requirement, if available, should apply. Under these circumstances, dismissal is appropriate.

Intentional Infliction of Emotional Distress

Plaintiff further asserts that his employer's failure to

---

[1] 42 U.S.C. § 2000e-16(c) states:

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

3 Findings and Recommendation

protect plaintiff from mistreatment constitutes intentional infliction of emotional distress. Again, plaintiff does not assert a statutory basis for this court's exercise of jurisdiction to adjudicate the claim. The court assumes, as do defendants, that the most appropriate option for plaintiff would be the Federal Tort Claim Act (FTCA), 28 U.S.C. § 2671, which provides plaintiff the exclusive remedy for claims involving injury resulting from negligence or wrongful acts of a federal government employee acting in the scope of duty. 28 U.S.C. § 2679(b)(1).

Assuming this is the type of claim that plaintiff is attempting to state, he has not brought it against the proper defendant.[2] The "United States is the only proper party defendant in an FTCA action . . . The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name." Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (citing 28 U.S.C. § 2679(a)). "A claim against the United States Postal Service in its own name is not a claim against the United States," and therefore such a case is properly dismissed as brought against an improper party. Id.

Even if the FTCA were alleged as the statutory basis for plaintiff's IIED claim, and even if it applied in plaintiff's

---

[2]In the alternative, if plaintiff instead attempts to allege an employment related tort under the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7501-43 (1998), which governs adverse employment actions against Postal Service employees, see 39 U.S.C. § 1005(a)(1), his claim would still fail. The CSRA governs disciplinary personnel actions such as termination or suspension, see 5 U.S.C. §§ 7512, 7532, and no such action is alleged here.

4 Findings and Recommendation

case,[3] plaintiff has not met his burden of demonstrating that he exhausted administrative remedies, a jurisdictional prerequisite to bringing the claim before this court. <u>Cadwater v. United States</u>, 45 F.3d 297, 300 (9th Cir. 1995). Plaintiff alleges that, in October 2005, he notified "an agency of his claims." Complaint at 7. However, defendants have filed a declaration that calls that assertion into doubt. According to the official charged with handling all tort claims against USPS within the district, no such FTCA notice from plaintiff was received, even despite procedures for forwarding misdirected notices. Gorsky Declaration at 1-2.

Plaintiff bears the burden of showing that administrative remedies have been exhausted. <u>See</u>, <u>e.g.</u>, <u>Kielwien v. United States</u>, 540 F.2d 676, 679 n.6 (4th Cir.), cert. denied, 429 U.S. 979 (1976) (obligation to prove prior administrative claim rests on plaintiff). Plaintiff has not put forth any evidence to counter this declaration or argument in a reply brief.

Plaintiff did allege, however, that he received no response to his claim notice and therefore filed after waiting six months. Complaint, 7. Plaintiff apparently did so pursuant to 28 U.S.C. § 2675, which states, "The failure of an agency to make final disposition of a claim within six months <u>after it is filed</u> shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." (Emphasis added.) That provision cannot save plaintiff's claim.

---

[3] There is some doubt as to whether the conduct that is alleged to have precipitated the IIED claim, plaintiff's assault and battery at the hands of his co-worker, falls within the scope of the FTCA's waiver of immunity. 28 U.S.C. § 2680(h) states that the FTCA does not apply to "[a]ny claim arising out of assault [or] battery."

5 Findings and Recommendation

The six-month waiting period is triggered by proper filing of a claim. Plaintiff has not adduced any evidence of filing. For that reason, he has not met his burden to demonstrate exhaustion of administrative remedies, and the claim is not properly before the court. The claim should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (#11) should be granted.

Dated this 23 day of August, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 Findings and Recommendation